[Nos. 3687–II; 4235–II. Division Two. July 9, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT GETHEN JOHNSON, *Appellant.*

*In the Matter of the Personal Restraint of* ROBERT GETHEN JOHNSON, *Petitioner.*

---

*Ben Shafton,* for appellant.

*James E. Carty, Prosecuting Attorney,* and *Roger A. Bennett, Deputy,* for respondent.

PETRICH, J.—Robert Gethen Johnson appeals his conviction by a Clark County jury on one count of first, and four counts of second degree assault, as well as the offense of carrying a concealed weapon. His primary arguments are against several of the court's instructions to the jury and the competency of his trial attorney. Consolidated with this appeal is defendant's personal restraint petition filed pursuant to RAP 16.3 through 16.15. The single issue raised in the petition is the competency of his trial attorney. We deny the personal restraint petition and affirm the convictions on all counts of assault, as well as the offense of carrying a concealed weapon.

Defendant spent the evening of November 18, 1977 eating and drinking in Vancouver in company with his wife, son, stepson, and another young man. Shortly after 11 p.m. the group moved to the Jade Palace restaurant and lounge. In the lounge were four off–duty Vancouver policemen. They were not in uniform, but two of them were carrying pistols as was their practice when off duty, in the event they were to encounter a situation in which firearms would be needed. Also in the lounge at the time of the incident were a woman customer and a cocktail waitress.

After defendant's group had occupied seats in the lounge for a while, one of the officers, suspecting defendant's son to be under 21, asked the cocktail waitress to check his identification. Apparently the son took offense at this request and left the lounge to go into the restaurant. Defendant also took offense and believed the officers were involved in this affront. He made a remark to the effect that he would "blow them away," and one officer observed him tuck a gun under his shirt. Defendant left the lounge for a short period, came back in and sat down. He then reached into his shirt, pulled out a gun, and pointed it toward the officers. They yelled "police" and "freeze," but when he did not drop the gun, one of the officers fired a

shot. Defendant fired back, a total of three rounds. The other armed officer also began shooting. The others present dove for the floor. When the smoke had cleared, two of the policemen were wounded—one seriously—and defendant also suffered serious wounds.

Defendant first challenges the court's instructions Nos. 26 and 29, arguing (1) that they contain matters not in evidence or in issue, and (2) that they are a comment on the evidence, as forbidden by article 4, section 16 to the Washington State Constitution. The instructions provide:

### Instruction No. 26

It is unlawful for one to carry a pistol concealed on his person, except in his place of abode or fixed place of business, without a license therefor.

This law does not, however, apply to marshals, sheriffs, prison or jail wardens or their deputies, policemen or other law enforcement officers.

### Instruction No. 29

The use of force upon or toward the person of another is lawful when necessarily used by a public officer in the performance of a legal duty.

Instruction No. 26 sets forth the law stated in RCW 9.41.050, which Mr. Johnson was charged with violating, and the exemption provided for law enforcement officers in RCW 9.41.060. Mr. Johnson admitted he had no permit to carry his own pistol. As all parties involved in the shoot-out were carrying concealed weapons, the law and evidence regarding that fact were squarely in issue before the jury.

Moreover, the defense sought to show at trial that the off-duty policemen overreacted to the behavior of defendant and his group in the lounge and were trying to cover up their own excessive use of force. Such a defense puts in issue the lawful use of force by the officers, which is defined in RCW 9A.16.020(1) as essentially set forth in instruction No. 29.

■ An instruction is a comment on the evidence if it conveys to the jury the personal attitudes of the judge toward the merits of the cause. *State v. Foster*, 91 Wn.2d 466, 481, 589 P.2d 789 (1979); *State v. Mayes*, 20 Wn. App.

184, 579 P.2d 999 (1978). An instruction that states the law correctly and concisely and is pertinent to the issues raised in the case does not constitute a comment on the evidence. *State v. Foster, supra; State v. Malone*, 20 Wn. App. 712, 582 P.2d 883 (1978). Instructions Nos. 26 and 29, being accurate statements of the law on issues raised in the case, are not comments on the evidence.

Defendant next contends that the court's instructions Nos. 16 through 20, on the lesser included charges of second degree assault, constitute reversible error. Those instructions were all the same, except for the particular counts and victims involved:

Instructions No. 16 through No. 20

To convict the defendant of the crime of assault in the second degree as a lesser included offense under [Count #], each of the following elements of the crime must be proved beyond a reasonable doubt:

1. That on or about the 18th or 19th day of November, 1977, in Clark County, Washington,

2. The defendant, Robert Gethen Johnson,

3. Assaulted [Name of victim.],

4. With a weapon or other instrument or thing likely to produce bodily harm.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

The asserted defect in this instruction is that it omits the requisite element of RCW 9A.36.020 that such an assault be committed "knowingly."[1]

Generally, where the court undertakes to state the elements of the crime in a single "formula" instruction, it is

---

[1]Although defendant assigns error to instruction No. 17, being one of the series of instructions on the lesser included offense of second degree assault, we need not consider such assignment since he was found guilty of the greater offense of first degree assault as to the victim identified in this instruction. Error, if any, was therefore harmless. *State v. Kroll*, 87 Wn.2d 829, 558 P.2d 173 (1976).

error to omit one of the elements. *State v. Emmanuel,* 42 Wn.2d 799, 819, 259 P.2d 845 (1953); *State v. Hinz,* 22 Wn. App. 906, 594 P.2d 1350 (1979), *aff'd,* 93 Wn.2d 510, 610 P.2d 1322 (1980).

Defendant concedes that his trial counsel took no exception to the omitted element. Therefore, we may consider the issue raised for the first time on appeal only if it is "manifest error affecting a constitutional right." RAP 2.5(a); *see State v. McHenry,* 88 Wn.2d 211, 558 P.2d 188 (1977), *aff'g* 13 Wn. App. 421, 535 P.2d 843 (1975); *State v. Dean,* 70 Wn.2d 66, 422 P.2d 311 (1966). In this case we do not find error of constitutional magnitude.

██ Instructions satisfy the requirement of a fair trial when, taken as a whole, they properly inform the jury of the applicable law, are not misleading, and permit the defendant to argue his theory of the case. *State v. Long,* 19 Wn. App. 900, 902, 578 P.2d 871 (1978). The trial court's instruction No. 9[2] explained to the jury in three places that an assault is an intentional act. Instructions Nos. 21[3] and 22[4] both informed the jury that a second degree assault is

---

[2]Instruction No. 9 provides: "An assault is an act, with unlawful force done with intent to inflict bodily injury upon another, accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted, but is sufficient if an apprehension and fear of bodily injury is created in another.

"An assault is also an intentional touching or striking or cutting or shooting at the person or body of another.

"An assault is also an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury, even though the actor did not actually intend to inflict bodily injury."

[3]Instruction No. 21 provides: "A person who knowingly assaults another with an instrument or thing likely to produce bodily harm is guilty of the crime of Assault in the Second Degree, whether or not he entertained a design or intent to cause such bodily harm. The gist of the offense is the knowing attack with an instrument or thing which might cause such harm, and whether or not the attacker intended or thought of the harm which might result is not material."

[4]Instruction No. 22 provides: "A person commits the crime of assault in the second degree when he knowingly assaults another with a weapon or other instrument or thing likely to produce bodily harm."

committed "knowingly."

In *Emmanuel,* the formula, or "to convict" instruction, omitted a fact that the State was required to prove in order to convict the defendant of bribery. The court held this reversible error. The defense excepted to the omission and was refused an instruction which would have cured it. *See Emmanuel,* 42 Wn.2d at 819.

In this case, instructions Nos. 9, 21 and 22 supply the missing element, and the instructions, taken as a whole, informed the jury of the applicable law and allowed the defendant to argue that he lacked the requisite intent to commit the assaults. The omission of "knowingly" from the "to convict" instruction was error, but not constitutional error in light of the other instructions. *Hinz,* 22 Wn. App. at 914; *State v. Shaffer,* 18 Wn. App. 652, 571 P.2d 220 (1977), *cert. denied,* 439 U.S. 1050, 58 L. Ed. 2d 710, 99 S. Ct. 729 (1978). We decline to hold that an error of constitutional magnitude was committed so that, despite not having called the instruction to the trial court's attention, defendant may obtain the benefit of the rule in *Emmanuel* which he has raised for the first time on appeal. *See State v. Pawling,* 23 Wn. App. 226, 597 P.2d 1367 (1979).

██ Our review of defendant's claim of ineffectiveness of counsel is prefaced by an inquiry into the standards to measure ineffectiveness of counsel and the nature of appellate review when a challenge is made. Article 1, section 22 of the Washington State Constitution and the Sixth Amendment, extended to state proceedings by the fourteenth amendment to the United States Constitution, guarantee the assistance of counsel to a criminal defendant. The United States Supreme Court has stated that the substance of this guaranty is that courts must make "effective" appointments of counsel. *Powell v. Alabama,* 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A.L.R. 527 (1932). However, no explicit guidelines have been set by the court. To each state has been left the task of determining its own standards. The test in this state is: After considering the entire record, can it be said that the accused was afforded an

effective representation and a fair and impartial trial? *State v. Ermert,* 94 Wn.2d 839, 621 P.2d 121 (1980); *State v. Adams,* 91 Wn.2d 86, 586 P.2d 1168 (1978); *State v. Myers,* 86 Wn.2d 419, 545 P.2d 538 (1976); *State v. Gilmore,* 76 Wn.2d 293, 456 P.2d 344 (1969); *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967); *State v. Jury,* 19 Wn. App. 256, 576 P.2d 1302 (1978). The test has two phases before relief can be granted. First, it must be determined that the defendant was denied effective representation, and then it must be determined that the denial of effective assistance was prejudicial. *State v. Jury, supra.* "Effective assistance of counsel" does not mean "successful assistance," nor is counsel's competency measured by the result. *State v. White,* 81 Wn.2d 223, 500 P.2d 1242 (1972); *State v. Thomas, supra.* Where complained of actions of counsel go to the theory of the case or trial tactics, we will decline to find a constitutional violation of ineffectiveness of counsel. *State v. Ermert, supra; State v. White, supra; State v. Mode,* 57 Wn.2d 829, 360 P.2d 159 (1961); *State v. Wilkinson,* 12 Wn. App. 522, 530 P.2d 340 (1975).

Defendant's claim of ineffectiveness of his trial counsel is twofold: (1) counsel did not raise the defense of diminished capacity due to alcohol consumption, and (2) he did not except to instructions 16 through 20.

We find no support in the record for the allegation that counsel failed to investigate the diminished capacity defense. The record indicates that the trial attorney did consider a diminished capacity defense and discussed it with defendant, but that defendant refused to allow such a defense. His attorney went so far as to obtain an out-patient evaluation of defendant by Dr. Trowbridge, a psychologist at Western State Hospital, who was asked to determine whether he was responsible for his actions at the time of the incident. Counsel also referred him to a psychiatrist, Dr. J. D. Bremner, who likewise did not report there had been a diminished capacity. Counsel, his secretary, and his wife all swore by affidavit that defendant emphatically rejected a suggestion that he might have been affected by

alcohol.[5] The testimony at trial established that defendant may have had up to nine drinks in a period of nearly 6 hours, but when asked how he had conducted himself, even his own witnesses consistently refrained from describing him as drunk. This evidence would have been inconsistent with a diminished capacity defense, in any event. *State v. Mriglot,* 88 Wn.2d 573, 564 P.2d 784 (1977); *State v. King,* 24 Wn. App. 495, 601 P.2d 982 (1979); *State v. Boyd,* 21 Wn. App. 465, 586 P.2d 878 (1978), *vacated on other grounds,* 93 Wn.2d 148, 607 P.2d 845 (1980). *But see State v. Jones,* 95 Wn.2d 616, 622, 628 P.2d 472 (1981). Trial counsel's decision in view of these facts obviously went to the theory of the case and does not support a claim of ineffectiveness of counsel.

Defendant also relies on the failure of his attorney to except to instructions Nos. 16 through 20 discussed above. We look again to *State v. Emmanuel, supra,* in which the Supreme Court held it to be prejudicial error for "formula" instructions such as these to omit an essential element of the crime. These instructions omitted the element that second degree assault is committed "knowingly." If an appropriate exception had been made, the instruction would likely be cause for reversal. However, we do not believe the failure to except to an instruction which might otherwise be cause for reversal if excepted to, does itself justify a new trial based on ineffective assistance of counsel. Such a failure to except may well demonstrate a lack of effective representation, but something more is required, namely a showing of prejudice. This is not like *State v. Ermert, supra,* where the flawed instruction, not excepted to, permitted the defendant to be found guilty of a crime she could not have been guilty of under the evidence; nor is it like *State v. Jury, supra,* where the flawed instruction

---

[5]The affidavits and reports of the psychologist and psychiatrist were entered into the record by means of a personal restraint petition that was consolidated with this appeal. Such a procedure was recommended in appropriate cases by *State v. Jury,* 19 Wn. App. at 265 n.2.

reduced the burden of proof of scienter for first degree malicious mischief (for which defendant was found guilty) to the type of scienter required for third degree malicious mischief. In both *Ermert* and *Jury,* the prejudice was obvious. In the case before us, the other instructions defining intent and correctly setting out the elements of second degree assault effectively undermine any claim of prejudice. We are satisfied after considering the entire record that defendant was afforded a fair and impartial trial.

Defendant next assigns error to the court's instruction No. 10 which states:

> Under the law of the State of Washington, if, within shooting distance, one menacingly points at another with a loaded gun, he commits an assault.

Again, no exception was taken to this instruction at trial. Defendant now contends (1) that it is an incorrect statement of the law because it omits the word "apparently" before "loaded gun," thereby eliminating the element of apprehension by the victim; and (2) that it is a comment on the evidence because the jury was told it could find an assault even though at least one of the alleged victims never saw a gun pointed in his direction. We find no error of constitutional magnitude arising from this instruction and need not consider a challenge to it for the first time on appeal. Nevertheless, we will address these arguments briefly. They are without merit.

It is well settled in this state that second degree assault is committed when, within shooting distance, one points a loaded gun at another. *State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967); *State v. Murphy,* 7 Wn. App. 505, 500 P.2d 1276 (1972). Four of those whom Mr. Johnson was accused of assaulting saw him with gun in hand pointed either directly at them or in their general direction, and the fifth assault victim saw defendant's shoulder holster, heard he was carrying a gun, and dove to the floor in fear when the shooting started. It is seldom necessary for the State to prove apprehension by the victim in a prosecution for second degree assault, *State v. Frazier,* 81 Wn.2d 628, 503

P.2d 1073 (1972); but where apprehension has become an issue, our courts have held that it may be inferred to exist when a gun is pointed at someone who does not know the gun is unloaded, *e.g., State v. Stewart,* 73 Wn.2d 701, 440 P.2d 815 (1968). Instruction No. 10 is an accurate statement of the law applicable to the facts of this case. As the gun was in fact loaded, the word "apparently" would have been superfluous and immaterial.

Even assuming that apprehension by the victim is a necessary element of the crime on the facts of this case, the instruction was not an unconstitutional comment on the evidence. The omission of an essential element from an instruction not purporting to be a "formula" instruction, which is supplemented by other instructions, is not a comment on the evidence. *State v. Alvis, supra.*

Finally, defendant asserts that RCW 9.41.025, providing for enhancement of punishment for one found to have been armed with a firearm, cannot be applied to a charge of first degree assault, citing *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). We have previously rejected this very contention in *State v. Miles,* 24 Wn. App. 430, 601 P.2d 971 (1979). We adhere to that opinion.

All convictions are affirmed and the personal restraint petition is denied.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied August 11, 1981.

Review denied by Supreme Court October 16, 1981.