[No. 12088–3–I. Division One. January 16, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. BERNARD
WESLEY KRUP, *Appellant.*

*Julie Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Greg Hubbard, Deputy,* for respondent.

SWANSON, J.—Bernard Wesley Krup appeals his conviction of second degree assault with a knife. He asserts that certain jury instructions erroneously defined assault and erroneously required the jury to find him innocent of a greater offense before considering his guilt as to a lesser included offense.

On the morning of March 20, 1982, Krup twice entered Ms. Chung's grocery store, a store which he had often frequented for the primary purpose of playing the several video games there. According to Ms. Chung, and contrary to Krup's testimony, during this second occasion only she and Krup were in the store. Ms. Chung became frightened by what she termed Krup's strange activities and asked him to leave. He refused. Krup testified that Ms. Chung's refusal to sell him cigarettes and her insistence that he pay for a window, which he maintains she wrongfully accused him of having broken several days earlier, fueled the ensuing argument. Again, she ordered him to leave. He responded by pulling a pocketknife from his pocket, pointing it at her, and threatening to kill her. As he left the store, Krup stabbed the knife into the counter top at the end nearest the door. Defense witnesses testified that they did not see Krup point the knife at Ms. Chung but that he yelled at her exclaiming that he would see her in court. Krup denies having threatened to kill her, but admits having stabbed the knife into the counter.

At trial, the defendant objected to the use of certain jury instructions and the exclusion of others. Such objections form the basis of his appeal. The court gave jury instruc-

tion 7,[1] which defined an assault in the language of paragraph 3 of WPIC 35.50, and refused to give the defendant's proposed jury instructions 5[2] and 6[3] which defined an assault as an attempt and defined an attempt.

The trial court also gave, over defense objection, instructions 9[4] and 13[5] and verdict form B[6] to the jury which Krup asserts erroneously required the jury to acquit him of second degree assault before considering the lesser included

[1]Instruction 7 provides: "An assault is an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury even though the actor did not actually intend to inflict bodily injury."

[2]"An assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented." Proposed instruction 5.

[3]"The word 'attempt' as used in the definition of assault means an overt act done as a substantial step toward the goal of inflicting bodily injury. Threatening violence towards another without some physical effort made by the person to commit the violent act does not constitute an assault." Proposed instruction 6.

[4]Instruction 9 provides: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the evidence is sufficient to establish the defendant's guilt of such lesser crime beyond a reasonable doubt.

"The crime of Assault in the Second degree necessarily includes the lesser crime of Unlawful display of weapon.

"When a crime has been proven against a person and thereexists [sic] a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime."

[5]Instruction 13 provides in pertinent part:

"You must fill in the blank provided in verdict form A the words 'not guilty' or the word 'guilty' according to the decision you reach.

"If you find the defendant guilty on verdict form A, do not use verdict form B. If you find the defendant not guilty on verdict form A, fill in the blank provided in verdict form B the words 'not guilty' or the word 'guilty' according to the decision you reach."

[6]Verdict form B provides:

"We, the jury, find the defendant Bernard Wesley Krup not guilty of the crime of Assault in the Second degree as charged and find the defendant _____ of the crime of Unlawful Display of Weapon."

('guilty' or 'not guilty')

offense of unlawful display of a weapon.

The jury returned with a verdict finding Krup guilty of second degree assault with a weapon.

## THE "ASSAULT" INSTRUCTION

Krup was convicted under RCW 9A.36.020 which proscribes, but fails to define, second degree assault. The statute provides:

(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he: . . .

(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; . . .

Because "assault" is not statutorily defined, resort must be, and has been, made to the common law. *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 125 P.2d 681 (1942); *Howell v. Winters,* 58 Wash. 436, 108 P. 1077 (1910); *see* RCW 9A.04.060. Our courts typically have defined "assault" in general terms to be "an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented." *State v. Stewart,* 73 Wn.2d 701, 703, 440 P.2d 815 (1968). *State v. Alvis,* 70 Wn.2d 969, 971, 425 P.2d 924 (1967); *State v. Rush,* 14 Wn.2d 138, 139, 127 P.2d 411 (1942); *Peasley,* 13 Wn.2d at 505; *State v. Maurer,* 34 Wn. App. 573, 663 P.2d 152 (1983); *State v. Jimerson,* 27 Wn. App. 415, 418, 618 P.2d 1027, *review denied,* 94 Wn.2d 1025 (1980); *State v. Murphy,* 7 Wn. App. 505, 511, 500 P.2d 1276, *review denied,* 81 Wn.2d 1008 (1972). This is regularly accompanied by an instruction defining "attempt." *See, e.g., Murphy,* at 512–13. The defendant's proposed jury instructions utilized this approach and wording.

▓ Our courts have also stressed, however, that whether there has or has not been an assault in a particular case depends more upon the reasonable apprehension and fear of bodily injury created in the victim's mind by the actor's apparent present ability to cause bodily harm, than upon

the actor's undisclosed intention. *See Rush; Peasley; Murphy; accord, State v. Strand,* 20 Wn. App. 768, 779, 582 P.2d 874 (1978).

Our Supreme Court further elucidated the law concerning criminal assault in *State v. Frazier,* 81 Wn.2d 628, 631, 503 P.2d 1073 (1972), by quoting from *United States v. Rizzo,* 409 F.2d 400, 403 (7th Cir.), *cert. denied,* 396 U.S. 911, 24 L. Ed. 2d 187, 90 S. Ct. 226 (1969):

> One concept is that an assault is an attempt to commit a battery. There may be an attempt to commit a battery, and hence an assault, under circumstances where the intended victim is unaware of danger. Apprehension on the part of the victim is not an essential element of that type of assault. . . .
>
> The second concept is that an assault is "committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm." The concept is thought to have been assimilated into the criminal law from the law of torts. It is usually required that the apprehension of harm be a reasonable one.

*See also Maurer,* at 579; *Strand,* at 780.

Although Krup's criminal assault charge falls into this second category, the State is not relieved from proving Krup acted with an intent or design to create in his victim's mind a reasonable apprehension of harm; negligence alone is insufficient. *See State v. Wheeler,* 95 Wn.2d 799, 631 P.2d 376 (1981); *State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980); *accord, State v. Ticeson,* 26 Wn. App. 876, 614 P.2d 245 (1980). It has been noted that,

> A majority of jurisdictions have extended the scope of the crime of assault to include, *in addition to* (not as an alternative to) the attempted–battery type of assault, the tort concept of the civil assault, which is committed when one, with intent to cause a reasonable apprehension of immediate bodily harm (though not to inflict such harm), does some act which causes such apprehension. It is sometimes stated that this type of assault is committed by an act (or by an unlawful act) which reasonably causes another to fear immediate bodily harm. This statement is not quite accurate, however, for one cannot (in those

jurisdictions which have extended the tort concept of assault to criminal assault) commit a criminal assault by negligently or even recklessly or illegally acting in such a way (as with a gun or a car) as to cause another person to become apprehensive of being struck. There must be an actual intention to cause apprehension, unless there exists the morally worse intention to cause bodily harm. (Footnotes omitted.) W. LaFave & A. Scott, *Criminal Law* 611 (1972).

The court properly instructed the jury on this "actual intention" element by specifically defining assault as an intentional act,[7] defining intent,[8] and further defining the "knowledge" element[9] statutorily required to be found for criminal assault.

With these instructions, the court clearly overcame any hurdle presented in *Murphy* and *Jimerson,* cited by the defendant. In *Murphy* the court's instructions failed to present the jury with a question of intent, which is the distinction between violence menaced and violence begun. Similarly, *Jimerson* is not dispositive, because the only issue there concerned Jimerson's choice of instruments for the accomplishment of the assault, and not his intention to assault.

Moreover, several cases have upheld the use of jury instructions which mirrored WPIC 35.50.[10] *Shipp,* at 517–

---

[7]See footnote 1.

[8]Jury instruction 6 defined intent: "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime."

[9]Jury instruction 5 defined knowledge as follows:

"A person knows or acts knowingly or with knowledge when:

"He is aware of a fact, facts or circumstances or result described by law as being a crime; or

"Acting knowingly or with knowledge is established if a person acted intentionally." No exception was made to the use of this instruction.

[10] "[An assault is an act, with unlawful force, done with intent to inflict bodily injury upon another, tending, but failing to accomplish it, and accompanied with the apparent present ability to inflict the bodily injury if not prevented. [It is not

18; *State v. Johnson*, 29 Wn. App. 807, 812, 631 P.2d 413, *review denied*, 96 Wn.2d 1009 (1981); *State v. Hinz*, 22 Wn. App. 906, 594 P.2d 1350 (1979), *aff'd*, 93 Wn.2d 510, 610 P.2d 1322 (1980). These instructions gave the jury three mutually exclusive theories for conviction of second degree assault: (1) attempted battery; (2) actual battery; and (3) intentional actions which, although not intended to cause actual bodily injury, created in the victim's mind a reasonable apprehension and fear of bodily harm. The Washington Supreme Court Committee on Jury Instructions commented that the third definition is to be used "in cases where [as here] there is evidence that the actor's intent was not to inflict bodily injury but only to create the apprehension or fear of bodily injury in the victim." WPIC 35.50, Note on Use at 200. We concur.

*State v. Wheeler, supra,* also upheld the use of a second degree "assault" instruction[11] similar to the one under consideration here. Wheeler had appealed his conviction on the basis of an instruction which unconstitutionally defined the term "knowingly" in the words of the second degree assault statute. The court found that this unconstitutional "knowledge" instruction constituted harmless error, because the "assault" instruction, as in the instant case, defined assault as an "intentional" act. *See also State v. Shipp, supra.*

Krup contends that, given the court's instructions, if his stabbing the knife into the counter was a criminal act, the jury could have found him to have acted intentionally.

---

necessary that bodily injury be inflicted, but it is sufficient if an apprehension and fear of bodily injury is created in another.]]

"[An assault is [also] an intentional [touching] [or] [striking] [or] [cutting] [or] [shooting] of the person or body of another, [regardless of whether any actual physical harm is done to the other person.]]

"[An assault is [also] an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury even though the actor did not actually intend to inflict bodily injury.]"

[11]"Assault" was defined in *State v. Wheeler*, 95 Wn.2d 799, 808, 631 P.2d 376 (1981) as "'an act, with unlawful force, done with intent to inflict bodily injury . . . an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury . . .'"

Having acted intentionally, he contends that the jury then could have convicted Krup of second degree assault, although he lacked an intent to cause Ms. Chung apprehension or fear of bodily harm. This argument fails to consider the words of the "assault" instruction, however, which required the jury also to find that the victim, Ms. Chung, suffered a "reasonable" apprehension and fear of bodily injury.

> An overt act, or "violence begun" must, indeed, be shown in order to establish an "attempt" to injure *as opposed to mere threats. See State v. Murphy, supra.* However, because the gravamen of this category of assault is the victim's apprehension which can be induced by overt acts other than the classic thrusting of a knife or pointing of a gun, the nature of a defendant's physical behavior must be considered in light of the apprehension it reasonably can be expected to create. If there is physical conduct, as opposed to mere threats, which, in the unique circumstances of the incident, are sufficient to induce a reasonable apprehension by the victim that physical injury is imminent, the requirement of an "attempt" is satisfied.

*State v. Maurer,* 34 Wn. App. at 580.

There was no question that the knife was the instrument used in the alleged assault. The primary issue concerned Krup's intention to assault Ms. Chung. It was up to the jury, after being properly instructed on the "intent" element and after considering the facts and arguments presented by both parties, to determine whether Ms. Chung's belief that Krup's actions were directed toward her was reasonable.

█ Although each party is entitled to have his or her theory of the case set before the jury in the court's instructions, the trial judge has considerable discretion in deciding how the instructions are to be worded. *State v. Alexander,* 7 Wn. App. 329, 499 P.2d 263 (1972). Because the instructions, taken as a whole, adequately and properly informed the jury of the applicable law, were readily understood by and not misleading to the ordinary mind, and allowed Krup

an opportunity to argue that Ms. Chung's apprehension was not reasonable, we find that the trial judge did not abuse his discretion. *State v. Mark,* 94 Wn.2d 520, 526, 618 P.2d 73 (1980); *State v. Johnson,* 29 Wn. App. 807, 631 P.2d 413, *review denied,* 96 Wn.2d 1009 (1981).

### THE LESSER INCLUDED OFFENSE INSTRUCTIONS

Krup's proposed jury instruction 9 varies slightly from jury instructions 9 and 13. It adds one sentence in paragraph 4 which more clearly states that the jury need not necessarily agree on second degree assault before considering the lesser included offense.

*State v. Watkins,* 31 Wn. App. 485, 643 P.2d 465 (1982), *aff'd on other grounds,* 99 Wn.2d 166, 660 P.2d 1117 (1983) established the superfluity of the additional sentence. In that case, Watkins fired several shots from his revolver into the door of an elevator into which the victim had fled. The court instructed the jury on both first and second degree assault. Five hours into its deliberations the jury sent out a note requesting adjournment for the weekend. The judge ordered deliberations to continue. About an hour later the jury sent a second note indicating that it was "deadlocked." Over Watkins' objections, the court submitted supplemental jury instructions indicating that the jury need not reach agreement on first degree assault before considering second degree assault. Ten minutes later the jury returned its verdict of second degree assault.

■ Watkins' appeal raised two issues, only one of which is relevant here. He contended that the Washington State Constitution required the jury unanimously to agree on his innocence concerning the greater offense before considering the lesser included offense. We disagreed. More importantly with respect to this case, we concluded that the supplemental instruction merely restated the correct law embodied in a previously submitted instruction; that instruction is indistinguishable for purposes of this appeal from jury instruction 9 in the instant case.

Finally, we turn to verdict forms A and B which are

structurally similar to verdict forms A and B used in *Watkins*. Although verdict form B may be slightly ambiguous, *Watkins,* 99 Wn.2d at 178, instruction 9, which embodies RCW 9A.04.100(2), clarifies any ambiguity. The effect of the instructions when read as a whole, therefore, properly presented the jury with the applicable law.

Accordingly, we affirm the conviction below.

CORBETT, A.C.J., and CALLOW, J., concur.

Review denied by Supreme Court March 23, 1984.