[No. 18916–6–I. Division One. January 8, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. ADAM HUPE, *Appellant.*

278

*Catherine Wright Smith* and *Edwards & Barbieri,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jesse O. Franklin, Deputy,* for respondent.

RINGOLD, A.C.J.—Adam Hupe was found guilty by a jury of assault in the second degree. He appeals the judgment and sentence imposed. We affirm.

In November 1985, Adam Hupe shared an apartment with a former girl friend. Hupe became upset when he returned home on November 22 to find another man, John, spending the night in the apartment. To make John leave, Hupe admits he pointed an unloaded rifle at John and told him "he had 30 seconds to get out or I would indeed blow his head off." Hupe testified that he also pushed the gun into John's stomach and said "leave." John did not know the gun was unloaded. Hupe testified he did not intend to hurt John. Hupe was charged with and convicted of second degree assault under RCW 9A.36.020(1)(c).[1]

---

[1] The second degree assault statute, RCW 9A.36.020, provides in pertinent part:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . .

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm;

Second degree assault is a felony. Hupe first contends he should have been prosecuted under RCW 9.41.270 for unlawful display of a firearm, a misdemeanor,[2] and that the State's failure to do so warrants reversal.

Hupe argues his conviction should be reversed because principles governing concurrent statutes require he be charged with the specific offense of unlawful display of a firearm rather than second degree assault, a general offense. Hupe further contends that by charging him with second degree assault instead of unlawful display, the State violated his equal protection guaranties and due process rights.

## DENIAL OF EQUAL PROTECTION

Judge Warren Chan provided the short answer to Hupe's concurrent statute and equal protection arguments when he ruled on Hupe's motion to dismiss. Judge Chan held the State could properly prosecute Hupe for second degree assault, as Hupe was exempt from prosecution under RCW 9.41.270(3)(a), which provides that the unlawful display statute does not apply to "[a]ny act committed by a person while in his place of abode . . ." The prosecuting attorney thus had no discretion in choosing to charge Hupe with either a felony or misdemeanor. We believe that the constitutional issue deserves further analysis.

 Criminal statutes are concurrent when a general statute is violated in each instance the special statute is

---

" . . .

"(2) Assault in the second degree is a class B felony."

[2]RCW 9.41.270 provides in pertinent part:

"(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, . . . or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

" . . .

"(3) Subsection (1) of this section shall not apply to or affect the following:

"(a) Any act committed by a person while in his place of abode or fixed place of business".

violated. *State v. Shriner,* 101 Wn.2d 576, 580, 681 P.2d 237 (1984). If a general and a special statute are concurrent, the special statute applies and a defendant can be charged only under the special statute. *State v. Shriner, supra* at 580; *State v. Jendrey,* 46 Wn. App. 379, 387, 730 P.2d 1374 (1986). Whether the special statute contains elements not found in the general statute is irrelevant. *Shriner,* at 580.

Charging a defendant with a general statute when a concurrent special statute is applicable can result in an equal protection violation. The violation occurs because the State, by selecting the crime charged, can obtain varying degrees of punishment while proving identical criminal elements. In *State v. Farrington,* 35 Wn. App. 799, 669 P.2d 1275 (1983), this court stated:

> Where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute. However, when the crimes have different elements, there is no constitutional defect. The test is whether a violation of the special statute necessarily violates the general statute.

(Citations omitted.) *Farrington,* at 802. No equal protection violation occurs, however, "when the crimes the prosecutor has the discretion to charge require proof of different elements." *In re Taylor,* 105 Wn.2d 67, 68, 711 P.2d 345 (1985).

Similar conduct can be proscribed under different statutes provided the statutes are based on varying degrees of culpability. *See State v. Shriner, supra* at 583. In enacting RCW 9A.36.020(1)(c) and RCW 9.41.270, the Legislature ensured that conviction for second degree assault would require proof of a higher degree of culpability than would conviction for unlawful display.

The second degree assault statute requires a showing that the accused "*knowingly* assault[ed] another with a weapon" (italics ours), whereas the unlawful display statute proscribes the "exhibit, display or draw [of] any firearm . . . in a manner, under circumstances, and at a time and

place that either manifests an intent to intimidate another or that warrants alarm . . ." It is, therefore, possible to commit the crime of unlawful display without committing second degree assault.

We find the statutes defining second degree assault and the unlawful display of a firearm are not concurrent. Because the statutes are not concurrent, Hupe's equal protection rights were not violated upon being charged with assault.

## DUE PROCESS

■ Hupe also contends that in punishing him for acts permitted under RCW 9.41.270(3)(a), the State violated his constitutional right to due process. His argument is without merit. Although RCW 9.41.270 allows the display of a weapon within one's own home, it does not permit display accompanied by a manifestation of assaultive intent. Second degree assault is prohibited wherever the assault may have occurred. Hupe cites no authority and we know of none which would exculpate a person from prosecution for assault committed in his own home. Hupe intentionally frightened John by verbally threatening him and poking him with a gun. Hupe's conduct was beyond the scope of RCW 9.41.270. We hold Hupe's due process rights were not violated.

## JURY INSTRUCTION

Hupe next assigns error to jury instruction 7.[3] Instruction 7 provided three definitions of assault. Hupe alleges instruction 7 was erroneous because substantial evidence

---

[3]Instruction 7, which was derived from WPIC 35.50, provided: "An assault is an act, with unlawful force, done with intent to inflict bodily injury upon another, tending, but failing to accomplish it, and accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted, but it is sufficient if an apprehension and fear of bodily injury is created in another.

"An assault is also an intentional touching or striking or cutting or shooting of the person or body of another, regardless of whether any actual physical harm is done to the other person.

supporting a conviction under each definition was not presented at trial, and that therefore jury unanimity was not ensured. Although this issue was first raised in Hupe's reply brief, this court may consider it, as jury unanimity is an issue of constitutional magnitude. *State v. Gitchel,* 41 Wn. App. 820, 706 P.2d 1091, *review denied,* 105 Wn.2d 1003 (1985).

■ Washington law requires unanimous jury verdicts in criminal cases. *State v. Stephens,* 93 Wn.2d 186, 607 P.2d 304 (1980). When the crime charged can be established by alternative means, jury unanimity is unnecessary as to the means. *State v. Whitney,* 108 Wn.2d 506, 510-11, 739 P.2d 1150 (1987). Nevertheless, the jury cannot be instructed on an alternative means that is not supported by substantial evidence, as it may then base its finding of guilt on an invalid ground. *State v. Whitney, supra* at 511.

RCW 9A.36.020(1)(c) simply states that one is guilty of second degree assault if one "knowingly assault[s] another". The term "assault" is not defined in the criminal code; therefore courts use common law to define the crime. *State v. Krup,* 36 Wn. App. 454, 457, 676 P.2d 507, *review denied,* 101 Wn.2d 1008 (1984); *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 504, 125 P.2d 681 (1942). Three definitions of assault have been recognized by Washington courts: (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm. *See Krup,* at 458-60 (upholding the use of jury instructions mirroring WPIC 35.50 and giving these three definitions of assault). These three means of committing assault were each described in instruction 7. Instructing on each of these means may be

---

"An assault is also an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury, even though the actor did not actually intend to inflict bodily injury."

error unless each was supported by substantial evidence. *State v. Whitney, supra.*

▪ Hupe contends no evidence was offered at trial in support of instruction 7, paragraph 1, which described attempted assault as an act intended to inflict bodily injury. Hupe argues there was no evidence offered to support a finding of intent to inflict bodily harm. This argument fails to consider the broader meaning of attempt recognized by this court:

> An overt act, or "violence begun" must, indeed, be shown in order to establish an "attempt" to injure *as opposed to mere threats*. However, because the gravamen of this category of assault is the victim's apprehension which can be induced by overt acts other than the classic thrusting of a knife or pointing of a gun, the nature of a defendant's physical behavior must be considered in light of the apprehension it reasonably can be expected to create. If there is physical conduct, as opposed to mere threats, which, in the unique circumstances of the incident, are sufficient to induce a reasonable apprehension by the victim that physical injury is imminent, the requirement of an "attempt" is satisfied.

(Citation omitted.) *Krup,* at 461 (quoting *State v. Maurer,* 34 Wn. App. 573, 580, 663 P.2d 152 (1983)). Under this interpretation of attempted assault, paragraphs 1 and 3 of instruction 7 are redundant. This minor redundancy did not, however, cause the instruction to be so repetitious and overlapping as to make it emphatically favorable to the State, and does not warrant reversal. *Samuelson v. Freeman,* 75 Wn.2d 894, 897, 454 P.2d 406 (1969). There is no question here that in pushing the rifle into John's stomach and demanding that he "leave," Hupe induced a reasonable apprehension of imminent physical injury. We find this evidence sufficient to support paragraphs 1 and 3.

By pointing the gun at John and threatening to "blow [his] head off" Hupe provided sufficient evidence to support paragraphs 2 and 3 of the assault definition in instruction 7. Further, substantial evidence to support the

apprehension and fear in John's mind was supplied by Hupe's admission that he intended to frighten John by displaying the gun. We find that constitutionally sufficient evidence was presented on each means. *State v. Whitney, supra.*

We affirm the judgment and sentence.

COLEMAN and WEBSTER, JJ., concur.

Review denied by Supreme Court April 5, 1988.