[No. 14228-7-II.    Division Two.    April 14, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT J. KARP, *Appellant.*

*Mark L. Yelish* and *Crawford, McGilliard, Peterson & Yelish,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Irene K. Asai, Deputy,* for respondent.

ALEXANDER, C.J. — Robert J. Karp appeals his conviction on a charge of second degree assault, contending that the trial court erred in denying his motion to dismiss the charge for an alleged violation of equal protection and in failing to instruct the jury that the crime of unlawful exhibition of a firearm is a lesser included offense of second degree assault, as charged. We affirm.

Robert J. Karp separated from his wife, Vicki Karp, on March 27, 1990, at which time Robert Karp moved out of their Bremerton apartment. On April 14, 1990, Karp returned to the apartment he had formerly shared with his wife and discovered a man sleeping nude in the bedroom. Karp allegedly assaulted his wife and the other man on that occasion by pointing a shotgun at them.

Karp was charged in Kitsap County Superior Court with two counts of second degree assault. The State later amended the charges to allege, in each count, that Karp was armed with a deadly weapon at the time of the commission of the offense.

Karp moved to dismiss the charges, contending that RCW 9.41.270(1) (unlawful display of a weapon) and RCW 9A.36-.021(1)(c) (second degree assault) are concurrent statutes because proof of a violation of the special statute, display of a weapon, necessarily establishes a violation of the general statute, assault in the second degree. Where a special statute punishes the same conduct as a general statute, he argued, equal protection requires that a defendant be charged only under the special statute.

The trial court ruled that the statutes were not concurrent; and that, accordingly, charging Karp with assault in the second degree did not violate equal protection. At trial, Karp renewed his motion to dismiss. It was denied. The trial court also rejected Karp's request to instruct the jury that exhibiting a firearm is a lesser included offense of assault in the second degree, as charged. The jury found Karp guilty of one count of second degree assault.[1] He appeals.

### EQUAL PROTECTION

Karp contends that the trial court erred in denying his motion to dismiss for alleged equal protection violations. To resolve the equal protection issue, we must determine whether one who violates the statute making it unlawful under certain circumstances to display a weapon, RCW 9.41.270(1), necessarily violates the second degree assault statute, RCW 9A.36-.021(1)(c). If the answer to that question is yes, the statutes are concurrent. Criminal statutes are considered concurrent if a general statute is violated whenever a special statute is violated. *See, e.g., State v. Shriner*, 101 Wn.2d 576, 579-80, 681 P.2d 237 (1984). If a general and a special statute are concur-

---

[1] Karp was found guilty of assaulting his wife's male companion. He was found not guilty of assaulting his wife.

rent, the special statute applies and a defendant can be charged only under the special statute. *See Shriner*, 101 Wn.2d at 580. This rule exists because charging a defendant with violating a general statute when a concurrent special statute is applicable can result in an equal protection violation. *See State v. Hupe*, 50 Wn. App. 277, 280, 748 P.2d 263, *review denied*, 110 Wn.2d 1019 (1988). The violation occurs because the State, by selecting the crime to be charged, can obtain varying degrees of punishment while proving identical elements. *Hupe*, 50 Wn. App. at 280.

■ To decide whether two statutes are concurrent, a court must look at the elements of each statute to determine whether a person can violate the special statute without necessarily violating the general. Interpretation of statutes is a matter of law subject to independent appellate review. *See Schmitt v. Cape George Sewer Dist. 1*, 61 Wn. App. 1, 5, 809 P.2d 217 (1991).

RCW 9.41.270(1), the unlawful display of a weapon statute, provides as follows:

> It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

RCW 9A.36.021(1), which defines the crime of assault in the second degree, provides:

> A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:
>
> . . . .
>
> (c) Assaults another with a deadly weapon . . .[.]

■■ In *State v. Hupe, supra,* Division One of this court concluded that the second degree assault statute and the unlawful exhibition statute were not concurrent because the assault statute included a knowledge element[2] whereas the

---

[2]Under former RCW 9A.36.020(1), "[e]very person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second

unlawful exhibition statute did not. Karp contends that *Hupe* is no longer controlling because the Legislature removed the word "knowingly" from the second degree assault statute after *Hupe* was decided. *See* Laws of 1986, ch. 257, § 5. Karp is incorrect. In a case decided after the Legislature removed the term "knowingly" from the second degree assault statute, Division One of this court concluded that because knowingly is a part of the common law definition of assault, the inclusion of that word was surplusage which the Legislature simply sought to remove. The removal of the term, the court concluded, did not make second degree assault a strict liability crime. *See, e.g., State v. Weiding*, 60 Wn. App. 184, 188-89, 803 P.2d 17 (1991), *review denied*, 118 Wn.2d 1030 (1992). We agree with the ruling in *Weiding*.

Furthermore, there are other differences between these two statutes which preclude us from concluding that they are concurrent. Although the second degree assault statute does not define an assault, an assault has been defined in case law as "an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented." *State v. Murphy*, 7 Wn. App. 505, 511, 500 P.2d 1276, *review denied*, 81 Wn.2d 1008 (1972). In *State v. Frazier*, 81 Wn.2d 628, 631, 503 P.2d 1073 (1972), our Supreme Court indicated that there are two concepts of criminal assault.

> One concept is that an assault is an attempt to commit a battery. There may be an attempt to commit a battery, and hence an assault, under circumstances where the intended victim is unaware of danger. Apprehension on the part of the victim is not an essential element of that type of assault.
>
> . . .
>
> The second concept is that an assault is "committed merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is incapable of inflicting that harm." The concept is thought to have been assimilated into the criminal law from the law of torts. It is usually required that the apprehension of harm be a reasonable one.

---

degree when he . . . (c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm".

*Frazier*, 81 Wn.2d at 631 (quoting *United States v. Rizzo*, 409 F.2d 400, 403 (7th Cir.), *cert. denied*, 396 U.S. 911 (1969)). It is the second concept of criminal assault that has application to this case because there is no evidence here that Karp was actually attempting to inflict physical injury upon his wife and/or her male companion.

Under the second concept, an assault requires, among other things, that the defendant commit an intentional act, directed at another person. *See Murphy*, 7 Wn. App. at 511. For example, it is well settled in this state that second degree assault is committed when, within shooting distance, one points a loaded gun at another. *See, e.g., State v. Alvis*, 70 Wn.2d 969, 425 P.2d 924 (1967); *State v. Johnson*, 29 Wn. App. 807, 816, 631 P.2d 413, *review denied*, 96 Wn.2d 1009 (1981); *Murphy.*

In contrast, the unlawful display statute may be violated even if the actor's conduct is not directed at any person. It is enough that a weapon is displayed under circumstances, and at a time and place, that warrant alarm for the safety of other persons. For example, a demonstrator for a cause might carry a baseball bat on a public street under circumstances that would cause a person to be concerned about the safety of other persons on the street. Such conduct might well run afoul of the unlawful display statute. It would not, however, be an assault, unless the act was directed at some person and the actor had the apparent physical ability to inflict harm. *See State v. Murphy, supra.*

The *Murphy* case is instructive. In *Murphy*, a person was convicted on charges of second degree assault after he confronted two air pollution control officers with an unloaded pistol which he kept pointed at the ground. The defendant challenged one of the trial court's jury instructions, which stated, in part:

> An assault in the second degree . . . may be committed by an actual *threat to use* a weapon . . . *or* the *display* of such weapon . . .

> Such action, a threat or display, must be such that a reasonable person . . . in light of all the circumstances . . . would be afraid for his own bodily safety . . ..

*Murphy*, 7 Wn. App. at 511-12. In concluding that the trial court's instruction was faulty, this court stated:

> The fault in the instruction . . . lies in its failure to distinguish between violence menaced and violence begun. The line between violence menaced and violence actually begun is a thin one but there must be some physical effort by the actor to carry into execution the violence menaced before it can be said that an assault has been committed.

*Murphy*, 7 Wn. App. at 512 (citing *State v. McFadden*, 42 Wash. 1, 84 P. 401 (1906)). Simply put, general menacing behavior may violate the unlawful display statute; but unless the menacing behavior is directed at some individual, such behavior would not constitute an assault. There was no equal protection violation.

LESSER INCLUDED OFFENSE INSTRUCTION

■ Karp contends that the trial court erred in refusing to instruct the jury that exhibiting a firearm is a lesser included offense of second degree assault. An instruction as to a lesser included offense must be given by the trial court when each element of the lesser offense is a necessary element of the greater offense, and the evidence supports an inference that only the lesser offense was committed. *See State v. Ortiz*, 119 Wn.2d 294, 313, 831 P.2d 1060 (1992); *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990) (citing *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)). The State does not argue that the legal prong of *Workman* is not satisfied in this case. *Fowler*, 114 Wn.2d at 67 (accepting the State's concession that unlawful display meets legal prong of *Workman* when defendant is charged with second degree assault); *State v. Krup*, 36 Wn. App. 454, 456-57, 676 P.2d 507 (jury instructed on unlawful display as lesser included offense of second degree assault), *review denied*, 101 Wn.2d 1008 (1984).

To satisfy the factual prong of *Workman,* the evidence must support an inference that the lesser offense was committed *instead* of the greater offense. *See State v. Bergeson,* 64 Wn. App. 366, 369, 824 P.2d 515 (1992). Stated another way, the record must support an inference that *only* the lesser offense was committed. *See, e.g., State v. Peters,* 47 Wn. App. 854, 860, 737 P.2d 693, *review denied,* 108 Wn.2d 1032 (1987). Here, the record does not support an inference that only the unlawful display statute was violated. Karp admitted at trial that he pointed a shotgun at his wife's companion. That evidence supports an inference that an assault was committed because it is intentional conduct that would place a reasonable person in apprehension of harm. *See Johnson.* While Karp's conduct also supports an inference that he violated the unlawful display statute, the evidence does not support an inference that *only* that statute was violated. Karp was not entitled to the lesser included offense instruction.

Affirmed.

MORGAN and SEINFELD, JJ., concur.

Review denied at 122 Wn.2d 1005 (1993).