IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35145-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RORY ALAN STAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

SIDDOWAY, J. — Rory Alan Star appeals his two convictions for second degree assault. He contends the evidence was insufficient to support the convictions. We reject his challenges and affirm.

FACTS

The State charged Mr. Star with two counts of second degree assault, both stemming from Mr. Star's interactions with patrons of a Starbucks coffee shop in Richland, Washington. The facts are related from the trial testimony.

Mr. Star, known to local law enforcement as a homeless man suffering from a severe alcohol problem, entered the Starbucks on the afternoon of October 19, 2016. He attempted to converse with Sara Wright, a Starbucks patron who was sitting and working on her computer. Ms. Wright, unable to understand what Mr. Star was saying, smiled

and nodded at Mr. Star before turning back to her computer. Mr. Star attempted to talk with Ms. Wright for several more minutes before exiting the Starbucks, where he stood and tried to make eye contact with Ms. Wright through the shop window. After these efforts also proved unsuccessful in obtaining Ms. Wright's attention, Mr. Star re-entered the Starbucks with a visibly angry demeanor.

According to Ms. Wright, Mr. Star paced back and forth before pulling up a bar stool and sitting shoulder-to-shoulder next to her, approximately one foot away. He directed profanity at her, calling her "[y]ou bitch, F-ing bitch." Report of Proceedings (RP) (Dec. 19, 2016) at 104. He asked her if she wanted to see what was in his pocket, pulled out a knife and "was kind of like shaking it in [Ms. Wright's] face." RP at 104. Mr. Star was holding the knife upright, pointing it directly at Ms. Wright, while he continued to curse at her. Ms. Wright testified that she was "terrified that I felt targeted. . . . I was fearful for my life." RP at 109. She edged herself away from Mr. Star and approached the customer counter, where she told Starbucks employee Jacob Isley that Mr. Star had a knife. Ms. Wright then retreated to the employee break room, where she unsuccessfully tried to lock herself in and decided to arm herself with a fire extinguisher.

Another Starbucks patron, Robert Schweiger, called 911 on his cell phone after seeing Mr. Star pull out the knife and point it at Ms. Wright. Once Ms. Wright retreated to the employee area, Mr. Star turned his attention to Mr. Schweiger, who was still on the

phone with 911. Mr. Star "aggressively approach[ed]" Mr. Schweiger, continuing to hold the knife out in front of him, and yelling profanities at Mr. Schweiger, including "fucking bitch, fucking cunt." RP at 87. As Mr. Star approached Mr. Schweiger, who was backing away, Mr. Star punched or knocked over a display sign while continuing to swear. Mr. Schweiger testified that he was concerned for his safety and that he was "surprised that nothing happened, no one [was] actually stabbed" because that was "a definite[ ] threat at that time." RP at 90.

Mr. Jacob Isley, who witnessed the interaction between Mr. Star and Mr. Schweiger, was worried that Mr. Star was going to use the knife. He attempted to de-escalate the situation by asking Mr. Star if he wanted a cup of coffee. The police arrived soon thereafter, and observed Mr. Star holding a large knife. Mr. Star was taken into custody after a brief struggle.

The State charged Mr. Star with two counts of second degree assault: one count for Ms. Wright and one count for Mr. Schweiger. A jury found Mr. Star guilty on both counts, and the court imposed concurrent sentences of 17 months confinement on each count. Mr. Star timely appeals.

## ANALYSIS

On appeal, Mr. Star claims there was insufficient evidence to convict him of either count of second degree assault.

A. STANDARD OF REVIEW FOR SUFFICIENCY CHALLENGES

Evidence is sufficient if, when viewed in the light most favorable to the State, it permits a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980), *overruled on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). Courts must draw all reasonable inferences from the evidence in favor of the State and interpret the evidence most strongly against the defendant. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial evidence receives the same weight as direct evidence. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004), *abrogated in part on other grounds by Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Appellate courts defer to the fact finder on the resolution of conflicting testimony, credibility determinations, and the persuasiveness of the evidence. *Id.* at 874-75.

B. SECOND DEGREE ASSAULT

Mr. Star claims there is insufficient evidence to support his convictions because the State failed to prove he had the requisite intent to cause fear and apprehension of bodily injury where he merely displayed the knife to obtain attention and did not expressly threaten to harm Ms. Wright or Mr. Schweiger. He contends his conduct may have constituted unlawful display of a weapon but not second degree assault. We disagree.

4

The State charged Mr. Star under RCW 9A.36.021(1)(c), which provides that a person is guilty of second degree assault if he or she "[a]ssaults another with a deadly weapon." Washington courts recognize three definitions of assault: (i) an unlawful touching, (ii) an attempt with unlawful force to inflict bodily injury upon another, tending but failing to accomplish it, and (iii) putting another in apprehension of harm. *State v. Hupe*, 50 Wn. App. 277, 282, 748 P.2d 263 (1988), *overruled on other grounds by State v. Smith*, 159 Wn. 2d 778, 154 P.3d 873 (2007). Since a knife is not a deadly weapon per se, there must be some manifestation of willingness to use the knife to harm for it to be considered a deadly weapon. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 365-66, 256 P.3d 277 (2011); *cf. State v. Gotcher*, 52 Wn. App. 350, 356-57, 759 P.2d 1216 (1988) (sufficient evidence of intent to use knife where knife was located in defendant's pocket and defendant was seen reaching for pocket during struggle with law enforcement officers).

Mr. Star was convicted under the third definition of assault with respect to both Ms. Wright and Mr. Schweiger. Where, as here, a defendant is charged with assault by attempting to put another in apprehension of harm, the specific intent to cause reasonable fear and apprehension of bodily harm is an essential element of second degree assault. *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995); *State v. Abuan*, 161 Wn. App. 135, 158, 257 P.3d 1 (2011). "Intent is rarely provable by direct evidence, but may be

gathered, nevertheless, from all of the circumstances surrounding the event." *State v. Gallo*, 20 Wn. App. 717, 729, 582 P.2d 558 (1978).

A court may infer the requisite intent to cause reasonable fear of harm where a defendant wields a deadly weapon in a menacing or threatening manner towards a particular person. *See, e.g.*, *State v. Johnson*, 29 Wn. App. 807, 816, 631 P.2d 413 (1981) (it is well-settled law that second degree assault is committed when, within shooting distance, the defendant points a loaded gun at another); *State v. Krup*, 36 Wn. App. 454, 676 P.2d 507 (1984) (upholding second degree assault conviction where defendant pointed knife at victim, threatened to kill her, and stabbed knife into counter top before exiting victim's store). However, a court may not infer the necessary intent from mere display of a weapon. *See, e.g.*, *State v. Karp*, 69 Wn. App. 369, 374-376, 848 P.2d 1304 (1993) (noting that general menacing behavior with a weapon may violate the unlawful display statute but will not constitute assault unless the menacing behavior is directed at an individual).

The State's evidence demonstrates that Mr. Star was visibly angry, yelling profanities, and pointing the knife at both Ms. Wright and Mr. Schweiger. Ms. Wright testified that Mr. Star shook the knife in her face when he was within arm's length (and striking distance) from her. Mr. Schweiger testified that once Mr. Star realized he was on the phone with 911, Mr. Star aggressively approached him and punched a store display while pointing the knife in his direction. Ms. Wright testified that Mr. Star's actions

6

No. 35145-9-III
*State v. Star*

made her fearful for her life, and Mr. Schweiger testified that he was afraid for his safety

and that he believed Mr. Star posed a definite threat.

A rational jury could infer from the combination of the hostile verbal encounters,

Mr. Star's visible agitation, and the wielding of the knife in a threatening manner directed

at Ms. Wright and Mr. Schweiger, that Mr. Star approached both Ms. Wright and Mr.

Schweiger with the intention of putting each of them in reasonable fear and apprehension

of bodily harm.

## CONCLUSION

We conclude that sufficient evidence supports both of Mr. Star's convictions for

second degree assault.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Pennell, J.

7