IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30319-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENT R. DAVIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Brown, J. — Kent R. Davis appeals his convictions for second degree assault by strangulation and second degree assault by reckless infliction of substantial bodily harm, contending insufficient evidence supports the jury's guilty findings. In his pro se statement of additional grounds for review (SAG), Mr. Davis repeats his evidence sufficiency concern, adds a confrontation right concern, and asserts he received ineffective assistance of counsel at trial. We affirm.

FACTS

Considering Mr. Davis's evidence sufficiency challenge, we relate the facts in the light most favorable to the State while acknowledging the alleged victims' contrary recantation testimony. Early on June 19, 2011, Mr. Davis's sister, Raylene M. Davis, and Mr. Davis's fiancée, Judith R. Long, visited Deaconess Medical Center. Officer Holton Widhalm responded to Deaconess after a caller reported the two women sought

treatment for domestic violence injuries. Officer Widhalm noted Ms. Davis and Ms. Long were "shaken" and "scared." Report of Proceedings[1] (RP) at 86. Ms. Davis cried while Ms. Long appeared upset and angry. Ms. Davis told Officer Widhalm that Mr. Davis had punched her, backed her up against a wall, and pushed her into a baby seat. She related Mr. Davis grabbed her hair and "smashed her head into a counter and a freezer and a wall." RP at 91. Ms. Long told Officer Widhalm that Mr. Davis had punched her, pushed her against a wall, and threw her to the ground when she tried to help Ms. Davis. She related Mr. Davis grabbed her neck and "choked her to the point where she lost consciousness and she woke up on the ground." RP at 89. Photographs admitted at trial showed each woman's injuries.

Dr. Kevin Innes treated each woman. His records stated Mr. Davis "punched, kicked, choked, and thr[ew Ms. Davis] against a wall." RP at 104. She had a large bruise extending from the center of her forehead to her hairline, a scrape and swelling on her nose, and a bloodshot eye caused by a broken blood vessel. Dr. Innes explained this last injury usually heals within 10 days but affects the eye in the meantime and can limit vision or even cause blindness. His records stated Mr. Davis "punched, kicked, and choked" Ms. Long but she did not lose consciousness. RP at 108, 114. She had bruises indicating someone applied pressure or blunt force to her neck, which could cause swelling and breathing difficulties. Dr. Innes testified a person

---

[1] All citations to the Report of Proceedings reference the transcript of trial and sentencing held on October 3, 4, and 12, 2011.

typically cannot breathe normally while someone is choking him or her. Dr. Innes treated each woman with hydrocodone.

The State charged Mr. Davis with two counts of second degree assault, alleging he strangled Ms. Long and recklessly caused Ms. Davis substantial bodily harm. At trial, each woman recanted her prior statements and offered alternative explanations. A jury, considering the above evidence, found Mr. Davis guilty as charged. He appealed.

ANALYSIS

A. Evidence Sufficiency

The issue is whether sufficient evidence supports Mr. Davis's convictions for second degree assault by strangulation and second degree assault by reckless infliction of substantial bodily harm.

Evidence is sufficient to support a guilty finding if, "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). An evidence sufficiency challenge "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We must defer to a jury's assessment of witness credibility and evidence weight or persuasiveness. *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1990).

3

A person commits second degree assault if he or she "[a]ssaults another by strangulation" or "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." RCW 9A.36.021(1)(a), (g). Under common law,

> An assault is an intentional touching or striking of another person, with unlawful force, that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive, if the touching or striking would offend an ordinary person who is not unduly sensitive.

Clerk's Papers at 63; *accord* 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.50 & cmt. at 547-50 (3d ed. 2008) (citing *State v. Krup*, 36 Wn. App. 454, 676 P.2d 507 (1984); *State v. Madarash*, 116 Wn. App. 500, 513, 66 P.3d 682 (2003); RESTATEMENT (SECOND) OF TORTS § 19 & cmt. a (1965)).

Strangulation is "compress[ing] a person's neck, thereby obstructing the person's blood flow or ability to breathe, or doing so with the intent to obstruct the person's blood flow or ability to breathe." RCW 9A.04.110(26). Substantial bodily harm is "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part." RCW 9A.04.110(4)(b).

Intent is "the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). A jury may reasonably infer a particular intent where a defendant's conduct plainly indicates it "as a matter of logical probability." *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). Recklessness is disregarding a known "substantial risk that a wrongful act may occur," where such disregard is "a gross

4

deviation from conduct that a reasonable person would exercise in the same situation." RCW 9A.08.010(1)(c).

Mr. Davis compressed Ms. Long's neck when he choked her. The jury could reasonably infer he obstructed her blood flow or ability to breathe because he choked her into unconsciousness. And, the jury could reasonably infer he intended to do so because, as a matter of logical probability, choking her while otherwise acting violently toward her plainly indicated his objective or purpose to do so. Thus, Mr. Davis strangled Ms. Long. This touching or striking harmed her because it caused unconsciousness and bruising. And, the jury could reasonably infer it would offend an ordinary person who is not unduly sensitive because it could cause swelling and breathing difficulties. Thus, Mr. Davis assaulted Ms. Long. Therefore, a rational jury could, viewing the evidence in the light most favorable to the State, find the essential elements of second degree assault by strangulation beyond a reasonable doubt.

Mr. Davis punched, kicked, and choked Ms. Davis; threw her or backed her up against a wall; pushed her into a baby seat; then grabbed her hair and smashed her head into a counter, freezer, and wall. This touching or striking harmed her because it caused her the injuries described below. And, the jury could reasonably infer it would offend an ordinary person who is not unduly sensitive because of its potential to cause those injuries. Thus, Mr. Davis assaulted Ms. Davis. He acted intentionally in doing so because, as a matter of logical probability, his conduct plainly indicated his objective or purpose to assault her. This intentional assault caused Ms. Davis a temporary but substantial disfigurement by leaving a large bruise on her forehead, a scrape and

5

swelling on her nose, and a bloodshot eye. Further, the jury could reasonably infer it caused her a temporary but substantial loss or impairment of function by breaking the blood vessel in her eye because this injury affects the eye during healing and can limit vision or even cause blindness. Thus, Mr. Davis caused Ms. Davis substantial bodily harm. He acted recklessly in doing so because he disregarded a known substantial risk he may cause her substantial bodily harm and such disregard was a gross deviation from conduct a reasonable person would exercise in the same situation. Therefore, a rational jury could, viewing the evidence in the light most favorable to the State, find the essential elements of second degree assault by reckless infliction of substantial bodily harm beyond a reasonable doubt.

Concerning the alleged victims' recantations, we must defer to the jury's assessment of witness credibility and evidence weight. In sum, we conclude sufficient evidence supports the jury's guilty findings.

## B. Statement of Additional Grounds

First, Mr. Davis expresses an evidence sufficiency concern focusing on the recantations, but his appellate counsel's brief adequately addressed that issue, rejected above. *See* RAP 10.10(a) (providing the purpose of a SAG is to "identify and discuss those matters which the defendant/appellant believes have not been adequately addressed by the brief filed by the defendant/appellant's counsel").

Second, Mr. Davis expresses concern his "accuser" did not attend trial, apparently referencing the caller to law enforcement. But Mr. Davis did not assert his confrontation right at trial under applicable procedural rules. *See State v. O'Cain,* 169

6

Wn. App. 228, 239-40, 251-52, 279 P.3d 926 (2012) (analyzing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)). Moreover, he fails to show how the trial court violated his confrontation right. *See Crawford v. Washington*, 541 U.S. 36, 54-55, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004) (stating a trial court violates a defendant's confrontation right by admitting testimonial, out-of-court statements unless the declarant testifies at trial or the defendant had a prior opportunity to cross-examine the declarant).

Finally, Mr. Davis asserts he received ineffective assistance from his trial counsel based upon his personal observations that are outside our record. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (stating an appellate court may not consider matters outside the record when reviewing an ineffective assistance claim and a defendant must bring a personal restraint petition to introduce other evidence). Additionally, Mr. Davis expresses concern his trial attorney failed to cross-examine law enforcement or object when they testified from their reports. But he makes no attempt to show deficient performance or resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (stating an ineffective assistance claim requires a defendant to show "counsel's performance was deficient" and "the deficient performance prejudiced the defense," so failing to show either element defeats the claim).

Therefore, we reject Mr. Davis's SAG.

No. 30319-5-III
*State v. Davis*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____       _____
Korsmo, C.J.      Siddoway, J.

8