# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | |
|---|---|
| Respondent, | No. 68311-0-I |
| v. | DIVISION ONE |
| RAYMOND LLOYD ATCHISON, | UNPUBLISHED OPINION |
| Appellant. | FILED: June 17, 2013 |

LEACH, C.J. — Raymond Atchison appeals his conviction for two counts of second degree assault while armed with a deadly weapon. Atchison contends that the trial court erred by not instructing the jury on an inferior degree offense of fourth degree assault and on a lesser included offense of unlawful display of a weapon. Because the evidence did not support an inference that Atchison committed only a fourth degree assault and because the evidence did not affirmatively indicate that he committed only an unlawful display of a weapon, we affirm.

## Background

On the evening of October 2, 2011, six co-workers, Tim Lankhaar, Brian Skywalker, Nicholas Fritzberg, Patrick Malone, Jordan Slagle, and James Allen were dining at a Jack in the Box restaurant in Marysville. Cory Mehler, who was dating Lankhaar's sister, was also dining with them.

At approximately 7:30 p.m., Raymond Atchison, while brandishing a pocketknife, approached Mehler. Mehler recalled he was eating when Atchison came from behind, hit him on the side of his head, and held a knife against his throat. He feared Atchison was going to slash his throat. As Mehler tried to hold the knife away from his throat, Lankhaar immediately stood up and pulled Atchison away. Atchison then turned to Lankhaar. As Mehler tried to stand up, Atchison turned back and pushed him back down to his seat with the knife against his stomach.

Lankhaar thought all the focus was on him when Atchison turned to him and approached him with the knife. Lankhaar testified that he felt threatened by seeing the knife and the look in Atchison's eyes. He yelled, "Are you really going to stab me in the Jack in the Box?" Atchison did not respond. Lankhaar also testified that he was "a little" frightened that Atchison was actually going to stab him.

The other witnesses' accounts of the incident vary. Skywalker saw Atchison come up to Mehler and put a foldout knife on Mehler's chest and point it toward his neck. He testified that when Atchison turned toward Lankhaar, he saw Atchison pointing a knife at Lankhaar. He also stated Atchison was about two or three feet away from Lankhaar.

Allen saw Atchison walking toward Mehler with a knife in his hand. When Atchison was about five feet away from Mehler, Allen heard a "click" sound. Then, he recalled that Atchison approached Mehler from behind and brought a

knife to his neck area. When Lankhaar intervened, Allen saw Atchison with the knife extended toward Lankhaar, "just ready to use it."

Fritzberg, Malone, and Slagle did not see Atchison point a knife at Mehler's throat or neck area. Only after Lankhaar intervened did they see Atchison with a knife. Although Fritzberg saw Atchison point the knife at Mehler's stomach in a threatening manner, he testified that Atchison pointing a knife at Lankhaar from a foot away "wasn't really threatening, I guess." Malone also saw the knife, but only after Lankhaar intervened. He testified that the knife was pointing down when Atchison approached Lankhaar. As to the assault on Mehler, Malone recalled that Atchison "made a movement back towards" Mehler and sat him back down, but Malone did not see a knife.

The witnesses described the knife as a pocketknife with a serrated blade that was between two to four inches in length. Responding officers found a foldout knife tucked in the back passenger seat where Atchison was sitting at the time of the arrest. The knife had a blade three and a half inches in length, half-serrated and half-straight.

The State charged Atchison with two counts of second degree assault with a deadly weapon. At the conclusion of the trial, Atchison proposed instructions on the lesser degree offense of fourth degree assault and the lesser included offense of unlawful display of a weapon. The trial court rejected both requests, concluding that the evidence did not support an inference that only the lesser offenses were committed to the exclusion of second degree assault with a

deadly weapon. The jury found Atchison guilty on both counts, including a special verdict that he was armed with a deadly weapon. Atchison appeals.

## Standard of Review

Atchison contends that the trial court abused its discretion by declining to give the requested jury instructions based on the evidence. We review a trial court's refusal to give an instruction based on a factual dispute for abuse of discretion.[1] A trial court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds.[2] A trial court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard.[3] A court bases its decision on untenable grounds if that court applies the wrong legal standard or relies on unsupported facts.[4]

## Analysis

Atchison contends that the trial court erred by failing to instruct the jury on the lesser degree offense of assault in the fourth degree. The trial court declined to do so because the record contained no affirmative evidence supporting a rational conclusion that Atchison committed only fourth degree assault. We affirm.

---

[1] State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).
[2] State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).
[3] Rohrich, 149 Wn.2d at 654.
[4] Rohrich, 149 Wn.2d at 654.

RCW 10.61.003 provides, "Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense."

One crime is inferior in degree to another when

> (1) the statutes for both the charged offense and the proposed inferior degree offense "proscribe but one offense"; (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense.[5]

The first two factors are the legal components of the test, while the third factor entails a factual inquiry.[6] RCW 10.61.003 provides that a defendant may be convicted of a lesser degree offense, and here, because fourth degree assault is an inferior degree to second degree assault,[7] the legal component is satisfied.

To satisfy the factual component, "substantial evidence in the record [must] support[] a rational inference that the defendant committed only the lesser included or inferior degree offense to the exclusion of the greater offense."[8] While the evidence is viewed in the light most favorable to the defendant, it must

---

[5] State v. Peterson, 133 Wn.2d 885, 891, 948 P.2d 381 (1997).
[6] State v. Fernandez-Medina, 141 Wn.2d 448, 454-55, 6 P.3d 1150 (2000).
[7] RCW 9A.36.041.
[8] Fernandez-Medina, 141 Wn.2d at 461.

"affirmatively establish the defendant's theory of the case—it is not enough that the jury might disbelieve the evidence pointing to guilt."[9]

As charged and tried, the only difference between second degree assault and fourth degree assault was the use of a knife as a deadly weapon. Atchison contends the evidence supports an inference that he did not use the knife in a manner "likely to produce or may easily and readily produce death." Therefore, he claims a jury could find he was guilty only of fourth degree assault. We disagree. Several witnesses corroborated the testimony that Atchison held the knife against Mehler's throat and stomach. Mehler also heard Atchison threatening to stab him and believed that he was going to get his throat slashed. Although the testimony conflicted as to exactly where Atchison pointed his knife, all but one of the witnesses testified to the fact that Atchison held the knife against Mehler's body in a threatening manner.

Atchison also fails to demonstrate that a jury could rationally decide that he used the knife only to intimidate Lankhaar. All witnesses saw Atchison approaching Lankhaar with a knife in his hand after Lankhaar intervened to stop Atchison from threatening Mehler. Mehler recalled Atchison threatening to stab Lankhaar. Lankhaar also testified that he felt threatened once Atchison turned on him and started to approach him with a knife pointed at him.

---

[9] Fernandez-Medina, 141 Wn.2d at 456 (citing State v. Fowler, 114 Wn.2d 59, 67, 785 P.2d 808 (1990), overruled on other grounds by State v. Blair, 117 Wn.2d 479, 816 P.2d 718 (1991)).

The jury was instructed, "Deadly weapon means any weapon, device, instrument, substance, or article, which under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm." Here the jury concluded that the knife was a deadly weapon because Atchison used the knife in a manner readily capable of causing death or substantial bodily harm against Mehler and Lankhaar. The record does not support any rational inference that Atchison only displayed a knife to intimidate. As a result, Atchison fails to demonstrate with affirmative evidence that only a fourth degree assault occurred.

Atchison next contends that the trial court erred in denying a jury instruction on unlawful display of a weapon as a lesser included offense to second degree assault with a deadly weapon. A defendant is entitled to an instruction on a lesser included offense if (1) all the elements of the lesser offense are necessary elements of the greater offense (the legal prong) and (2) the evidence in the case supports an inference that the lesser crime was committed (the factual prong).[10] Displaying a weapon is a lesser included offense of second degree assault with a deadly weapon.[11] So, here, again, only the factual prong is at issue. The factual prong of this test is the same as that for

[10] State v. Berlin, 133 Wn.2d 541, 545-46, 947 P.2d 700 (1997); State v. Workman, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978).
[11] In re Pers. Restraint of Crace, 157 Wn. App. 81, 107-08, 236 P.3d 914 (2010), rev'd on other grounds, In re Pers. Restraint of Crace, 174 Wn.2d 835, 280 P.3d 1102 (2012).

inferior degree instructions,[12] that is, "'the evidence must raise an inference that only the lesser included . . . offense was committed to the exclusion of the charged offense.'"[13]

Atchison bases his argument for the lesser included instruction on the conflicting testimony of witnesses as to the manner in which Atchison used the knife. Specifically, Atchison points to the testimony of several witnesses who did not perceive his use of the knife against Lankhaar as truly threatening. His argument fails. Here, the evidence shows that Atchison used the knife in a threatening manner. This court has stressed, "[W]hether there has or has not been an assault in a particular case depends more upon the reasonable apprehension and fear of bodily injury created in the victim's mind by the actor's apparent present ability to cause bodily harm, than upon the actor's undisclosed intention."[14] Thus, where, as here, if one menacingly points a knife at another within stabbing distance, he commits more than an unlawful display of a weapon.

Conclusion

Because the record does not contain affirmative evidence that would permit a jury to rationally find that Atchison committed only the lesser crimes of

---

[12] Fernandez-Medina, 141 Wn.2d at 455.

[13] State v. Porter, 150 Wn.2d 732, 737, 82 P.3d 234 (2004) (alteration in original) (quoting Fernandez-Medina, 141 Wn.2d at 455).

[14] State v. Krup, 36 Wn. App. 454, 457-58, 676 P.2d 507 (1984).

fourth degree assault or unlawful display of a weapon, the trial court did not abuse its discretion. We affirm.

_Leach, C.J._

WE CONCUR:

_Spearman, J._          _Appelwick, J._